IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GUY CLAYTON BARNES                                                              PETITIONER
ADC #93209

VS.                           NO. 5:11CV00143-JMM-BD

RAY HOBBS, Director,
Arkansas Department of Correction                                               RESPONDENT


RECOMMENDED DISPOSITION

I.      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge James M. Moody. Either party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the Recommended Disposition. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.     Introduction**

Pending are Defendant Ray Hobbs's motion to dismiss Guy Clayton Barnes's petition for writ of habeas corpus (Docket entry #11), and Mr. Barnes's motion to compel (#14). For the reasons that follow, the Court recommends that the District Court dismiss Mr. Barnes's petition without prejudice and deny Mr. Barnes's motion to compel as moot.

Mr. Barnes is currently serving a sentence of twenty-two years in the Arkansas Department of Correction pursuant to a judgment entered on March 21, 1995, after Mr. Barnes pleaded guilty to four counts of delivery of a controlled substance in the Circuit Court of Sebastian County. See *Barnes v. State*, 1996 WL 144134, *1 (1996).

Mr. Barnes filed a petition for post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure 37. The trial court denied the petition on April 18, 1995. Mr. Barnes attempted to appeal the circuit court's decision, but the Arkansas Supreme Court dismissed the appeal because it was never perfected. *Id*. Mr. Barnes moved to proceed with a belated appeal but the Arkansas Supreme Court also denied that motion. *Id*.

On July 22, 1996, Mr. Barnes filed a petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254. *Barnes v. Norris*, Case No. 5:96cv00479 (E.D. Ark. July 22, 1996). The respondent answered arguing that Mr. Barnes's claims were procedurally defaulted because he had not filed a timely notice of appeal of the denial of his Rule 37

petition with the Arkansas Supreme Court. (#12-1 at p.1) On May 1, 1998, the Court adopted findings and recommendations and dismissed Mr. Barnes's petition because the claims were procedurally defaulted. (#12-1 at p.2)

After the Court denied Mr. Barnes's motion for a certificate of appealability, he appealed the Court's decision to the Eighth Circuit Court of Appeals which treated the petition as an application for a certificate of appealability. On January 22, 1999, the Eighth Circuit denied Mr. Barnes's application for a certificate of appealability and dismissed his appeal. (#12-2)

Mr. Barnes filed his current petition for writ of habeas corpus (#1) with this Court on June 6, 2011.

### III.   Second or Successive Petition

Title 28 U.S.C. § 2244(b)(1) requires dismissal of any § 2254 claims that were presented in a prior habeas petition. A petitioner attempting to bring a "second or successive" federal habeas petition challenging a state-court conviction must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The district court is without jurisdiction to consider a successive petition until authorized by the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007).

Mr. Barnes's current petition challenges the same judgment as his prior petition, and he has not petitioned the Eighth Circuit Court of Appeals to bring a successive

petition. Because Mr. Barnes's current petition requires prior authorization by the Eighth Circuit Court of Appeals under § 2244(b), this Court is without jurisdiction to consider the claims until the Eighth Circuit grants Mr. Barnes leave to proceed. See *Burton v. Stewart*, 549 U.S. at 153 (concluding a habeas application filed after a previously adjudicated application was a second or successive application, which had not been authorized by the appropriate court of appeals, and thus the district court lacked jurisdiction to entertain it).

## IV.   Conclusion

The Court recommends that the District Court grant Mr. Hobbs's motion to dismiss petitioner Guy Clayton Barnes's petition for writ of habeas corpus without prejudice for lack of jurisdiction and deny Mr. Barnes's pending Motion to Compel as moot.

IT IS SO ORDERED this 26th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE